**Johanes POLUAN, Petitioner,**

v.

**Eric HOLDER Jr., U.S. Attorney General, et al.,\* Respondents.**

**No. 08–0235–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2009.

Lawrence Spivak, New York, New York, for Petitioner.

Michael F. Hertz, Assistant Attorney General, Civil Division, Janice K. Redfern, Senior Litigation Counsel, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric Holder is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Johanes Poluan, a native and citizen of Indonesia, seeks review of a December 20, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Johanes Poluan,* No. A79 708 179 (B.I.A. Dec. 20, 2007), *aff'g* No. A79 708 179 (Immig. Ct. N.Y. City Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

As an initial matter, Poluan has abandoned his CAT claim by failing to address it in either his brief to the BIA or his brief to this Court. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). Poluan has similarly abandoned any argument that the IJ erred either in finding his asylum application untimely or in finding that his testimony was not credible. *See id.*

Poluan's only argument here is that the BIA failed to adequately review his claim of a pattern or practice of persecution of Christians in Indonesia as required by this Court's opinion in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007). However, Poluan's reliance on *Mufied* is misplaced. In *Mufied,* we remanded the petitioner's case to the BIA because the agency had apparently ignored the petitioner's pattern or practice claim. That issue is not dispositive here, because the BIA analyzed petitioner's pattern or practice claim in the first instance. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).